UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BOBBY DUANE JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:19-cv-76-CDP |
| TORRANCE AKINS, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Bobby Duane Johnson, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and to not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing that he has been without funds since November 1, 2018, and that no deposits have been made to his account. It also shows he owes money for medication. The Court will therefore not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). However, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is still required to pay the full amount of the statutory filing fee. Plaintiff will be required to make monthly payments of 20% of the preceding month's income credited to his account, and the Court will direct the facility where plaintiff is held to forward those monthly payments each time the balance exceeds $10, until the $350 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff, a convicted and sentenced state prisoner who is currently incarcerated at the Pemiscot County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Torrance Akins, the Jail Administrator. He sues the defendant in his official and individual capacity.

Plaintiff alleges he is being denied access to the law library. On the form complaint, in the section soliciting information about the injuries plaintiff suffered, he wrote "N/A." (Docket No. 1 at 4). As relief, he asks the Court to "make them place the full law library back in the County Jail," and to award $75,000 in punitive damages "because of my rights being violated, due process of law, my rights to present a defense." *Id.* at 5. He neither explains what he means by "present a defense," nor describes a legal claim he attempted to pursue.

After filing the complaint, plaintiff filed two letters addressed to the Clerk of this Court. (Docket Nos. 5 and 6). In the first letter, plaintiff wrote that the defendant was retaliating against

3

him for filing this lawsuit and for filing grievances. He also wrote he was "assaulted because he left some people in the pod that should not have been in here," and wished to press charges. (Docket No. 5). In the second letter, plaintiff wrote that his legal mail was being opened, and that he wished to press charges for a hate crime. He attached copies of grievances he filed concerning access to the law library and having to wait for copies.

## Discussion

The complaint fails to state any plausible claims for relief. While it appears plaintiff intends to bring a claim premised upon his right of access to the courts, he does not allege he suffered an actual injury, as required to bring such a claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996), *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Additionally, based upon the two letters plaintiff has filed, it appears he wishes to bring additional claims before the Court. However, writing letters to the Clerk of the Court is an impermissible way to do so. In consideration of plaintiff's pro se status, the Court will give plaintiff the opportunity to file an amended complaint.

Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 8th day of July, 2019.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE