UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BOBBY DUANE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-76-CDP |
| | ) | |
| TORRANCE AKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon review of an amended complaint filed by plaintiff Bobby Duane Johnson, a prisoner who is proceeding pro se and in forma pauperis. For the reasons discussed below, I will give plaintiff the opportunity to file a second amended complaint.

**Background**

Plaintiff is a convicted and sentenced state prisoner who is currently incarcerated at the Pemiscot County Jail. He initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983 against Torrance Akins, the Jail Administrator. He alleged he was being denied access to the law library, but did not allege that the lack of access deprived him of a specific opportunity to defend himself or advance a viable legal claim in any legal matter. After filing the complaint, plaintiff filed two letters addressed to the Clerk of this Court. In the first letter, plaintiff wrote that the defendant was retaliating against him for filing this lawsuit and for filing grievances. He also wrote he was "assaulted because he left some people in the pod that should not have been in here," and wished to press charges. In the second letter, plaintiff wrote that his legal mail was being opened, and that he wished to press charges for a hate crime. He attached copies of grievances he filed concerning access to the law library and having to wait for copies.

On July 8, 2019, I entered an order explaining that the complaint failed to state an access-to-courts claim. I also acknowledged that it appeared plaintiff wished to bring additional claims before the Court, but writing letters to the Clerk of the Court was an impermissible way to do so. I gave plaintiff the opportunity to file an amended complaint to properly set forth the claims he wished to bring. In so doing, I specifically instructed him about how to prepare the amended complaint. Subsequently, plaintiff filed an amended complaint, followed by two more letters addressed to the Clerk of the Court. I will now review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), this Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To determine whether an action states a claim upon which relief can be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct,"

the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly,* 550 U.S. at 557 (if the well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Determining whether a complaint states a plausible claim is a context-specific task that requires the court to draw upon experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Torrance Akins. He sues Akins in his official and individual capacity.

Plaintiff states he is being denied access to the courts in that he has been denied access to a "full up to date law library" since November 1, 2018, and therefore cannot research any of his issues. In describing how the denial of access affected him, plaintiff alleges that his constitutional rights are being violated, he is being denied due process and the effective assistance of counsel, his right to present a defense and have a fair trial are being violated, he is being subjected to double jeopardy, and he should have been released in February.

Next, plaintiff alleges that Akins told two other inmates that plaintiff was a rat because plaintiff had "filed on him" and that he "would not give them any more contraband." At some point after that, one of the inmates assaulted plaintiff. Plaintiff describes this as a "hate crime." Plaintiff alleges that Akins repeatedly tells inmates that plaintiff is a rat, he put plaintiff's entire pod on segregation and told the jail that they were the offender pod, and he endangered the lives of plaintiff and other inmates by placing them back in general population.

As relief, plaintiff asks me to "make them place a up to date full law library back in the County Jail, so everyone will have access to the courts so their constitutional rights will not be violated." He also seeks damages in the amount of $75,000.

After filing the amended complaint, plaintiff filed two letters addressed to the Clerk of the Court. In the first letter, plaintiff writes that, during an incident in which another inmate was kicking a door, Akins ordered all inmates to their cells and threatened plaintiff with a taser. In the second, he writes that his pod is the only pod in the jail that has been repeatedly moved, that Akins is pitting inmates against each other, and that the facility is overcrowded.

## Discussion

The amended complaint fails to state a plausible access-to-courts claim because it contains no allegations that the lack of resources deprived plaintiff of a specific opportunity to defend himself or advance a viable legal claim in any legal matter. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) and *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). The allegations concerning Akins labeling plaintiff a "rat," while potentially serious, are not pled with sufficient specificity to state a plausible claim for relief. For example, it is not entirely clear what Akins told the other inmates that plaintiff did that made him a rat, or whether the attack was actually motivated by what Akins said. Additionally, plaintiff appears to attempt to bring claims on behalf of himself

4

and fellow inmates, which is impermissible. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). Finally, plaintiff attempts to supplement the amended complaint by filing letters addressed to the Clerk of the Court, even though I previously told him that was not permitted. However, in an abundance of caution, I will allow plaintiff the opportunity to file a second amended complaint.

Plaintiff is advised that the second amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the second amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the second amended complaint.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant,

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff names only one defendant, he may set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff is again cautioned that he may not communicate with the Court by filing letters addressed to the Clerk of the Court. The Court's Local Rules do not permit parties to communicate with the Court by informal letters. Parties may only address the Court through motions and memoranda, unless otherwise directed by the Court. *See* E.D.Mo. L.R. 4.04(A). Plaintiff is also cautioned that he may not supplement or amend a complaint by filing separate documents and expecting the Court to piece his claims together. Instead, plaintiff must fully plead his claims on one single complaint form. Finally, plaintiff is advised that he may not bring claims on behalf of his fellow inmates.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely file a second amended complaint in compliance with this Memorandum and Order, I will dismiss this action without prejudice and without further notice.**

Dated this 2nd day of October, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE