# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY DUANE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-76-CDP |
| TORRANCE AKINS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me upon two filings submitted by plaintiff Bobby Duane Johnson, a prisoner who is proceeding pro se and in forma pauperis. The first is a duplicative motion for leave to proceed in forma pauperis. (ECF No. 15). I will deny this motion as moot. I have already granted plaintiff leave to proceed in forma pauperis in this action, and he need not file repeated motions in order to retain that status.

In the second filing, plaintiff attempts to amend the second amended complaint. (ECF No. 16). The filing consists of a document titled "Supplemental Memorandum," which contains information regarding the access-to-courts claim plaintiff seeks to assert in the second amended complaint. Plaintiff did not sign the Supplemental Memorandum as required by Rule 11 of the Federal Rules of Civil Procedure, nor did he attach a copy of a proposed third amended complaint. Instead, plaintiff attached a letter in which he wrote: "This supplemental memorandum will replace my previously filed, denied access to the courts this filing is in Johnson v. Akins No. 1:19-cv-76-CDP."

Since commencing this action, plaintiff has repeatedly tried to amend complaints by filing supplemental documents, even after being told that doing so is impermissible.

Additionally, plaintiff did not sign the memorandum, nor did he attach a copy of a proposed third amended complaint. I will therefore deny the motion. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). However, in an abundance of caution, I will give plaintiff the opportunity to file a third amended complaint. In preparing the third amended complaint, plaintiff should carefully follow the instructions in this order.

The third amended complaint will replace all previously-filed complaints and "supplemental" filings. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the third amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the third amended complaint.

In the "Caption" section of the third amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff names only one defendant, he may set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff is once again cautioned that he may not amend a complaint by filing a separate document that contains changes plaintiff wants to make to certain parts. Instead, all of plaintiff's claims must be set forth in a single pleading. *See Popoalii*, 512 F.3d at 497 (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). Plaintiff is advised that all future documents that purport to amend a complaint by interlineation or supplementation will be ignored. Plaintiff is also advised that all future motions for leave to amend a complaint that do not contain a complete proposed amended pleading will be summarily denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 15) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement amended complaint (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file a third amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely file a third amended complaint in compliance with this Memorandum and Order, I will dismiss this action without prejudice and without further notice.**

Dated this 7th day of November, 2019.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE