# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY DUANE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-76-CDP |
| TORRANCE AKINS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me upon the submission of a third amended complaint by plaintiff Bobby Duane Johnson, a prisoner who is proceeding pro se and in forma pauperis. For the reasons explained below, I will partially dismiss the third amended complaint, and direct the Clerk of Court to issue process or cause process to be issued on the non-frivolous portions thereof.

**The Third Amended Complaint**

Plaintiff avers that he is a convicted and sentenced State prisoner who is incarcerated at the Pemiscot County Jail. He filed the third amended complaint against Jail Administrator Torrance Akins, and sues him in his individual capacity. Plaintiff alleges that Akins violated his Constitutional rights by denying him access to the courts, and by making statements to other inmates that caused him to be targeted and assaulted by one of those inmates. I will address each of plaintiff's claims in turn.

Plaintiff first alleges that Akins is directly responsible for denying him access to a law library, and is therefore violating his constitutional right to access the courts. He alleges that Akins told him he would not place a law library back in the jail, and that "[b]ecause of this

violation of my rights I cannot research the issues of my case and cannot present my defense, because I can't get the proper forms for filing in the Court." (ECF No. 19 at 11).

The Constitution guarantees prisoners a right to access the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007) (citing *Murray v. Giarratano*, 492 U.S 1, 11 n. 6 (1989)). In *Bounds v. Smith*, the Supreme Court held that the right to access the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817, 828 (1977) (overruled on other grounds by *Lewis v. Casey*, 518 U.S 343, 354 (1996).

In *Lewis,* the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis*, 518 U.S. at 351 (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008). "Absent an articulation

of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative." *Id.*

In the case at bar, plaintiff alleges only that the lack of access to a law library left him unable to "research the issues" of an unidentified case and unable to "present [his] defense." (ECF No. 19 at 11). These allegations are too vague and conclusory to permit the inference that Akins's allegedly wrongful conduct deprived plaintiff of a specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. At best, plaintiff's allegations amount to speculation that injuries might occur or could have occurred. It therefore cannot be said that plaintiff alleges a cognizable injury, as required to bring a claim premised upon the denial of access to the courts. Accordingly, such claims will be dismissed.

Next, plaintiff alleges that Akins made statements and revealed information about him that caused him to be targeted and attacked by other inmates. Specifically, plaintiff alleges as follows. Akins visited Pod AA, and called two inmates out to talk with him. "As soon as they walked back into the pod they called me to their room and said to me boy, Torrance is heated about that grievance you wrote on him. One of the inmates then told me, Torrance told us you a rat because you wrote a grievance on Torrance for bringing contraband tobacco into the jail . . . [t]he inmate then told me Torrance said he will not give us any more tobacco because of this." *Id.* at 14. The inmates had no way of knowing about plaintiff's grievance unless Akins told them. The next day, "one of the inmates came to my room and said it's because of your rat [illegible] ass that Torrance will not give me any more tobacco, he then assaulted me in front of eye witnesses and told me if I tried to press charges on him that Torrance would not allow me to and

3

that he would tell him if I tried to write anything at all on the Kiosk about it. And he would [beat] me to death next time if I did try anything." *Id.* at 14-15.

"Prison officials are bound by the Eighth Amendment to take 'reasonable measures to guarantee the safety of the inmates.'" *Irving v. Dormire*, 519 F.3d 441, 450 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This includes a duty to protect prisoners from violence at the hands of other prisoners, and a duty to protect inmates from unreasonable conditions that pose a substantial risk of serious harm. *Id.* at 450-51 (citations omitted). "The Eighth Amendment prohibits the foreseeable and unnecessary risk of the gratuitous and wanton infliction of pain." *Id.* at 451 (citation omitted).

Taking plaintiff's allegations as true, they establish that Akins told plaintiff's fellow inmates that plaintiff filed a grievance against Akins for bringing contraband tobacco into the jail. Complaining about a prison official is not something that necessarily contradicts the interests of other inmates, as would unreasonably subject the complainer to the threat of a substantial risk of serious harm at their hands. *See Norman v. Schuetzle*, 585 F.3d 1097, 1111 (8th Cir. 2009) (overruled on other grounds by *Pearson v. Callahan,* 555 U.S. 223 (2009)). Here, however, plaintiff's allegations establish that Akins identified plaintiff's grievance as the reason Akins would no longer supply the inmates with contraband tobacco. The lack of tobacco necessarily contradicted the interests of other inmates, and placing responsibility for the lack of tobacco on plaintiff indeed subjected him to the threat of a substantial risk of serious harm at the hands of those inmates. Plaintiff's allegations also establish that Akins made the statements knowing they may incite the other inmates to harm plaintiff. I therefore conclude that plaintiff has adequately stated an Eighth Amendment claim against Akins, and I will require Akins to respond to the third amended complaint.

Plaintiff has also filed a motion to appoint counsel. I will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, I conclude that the appointment of counsel is unwarranted at this time. Based upon plaintiff's allegations, it appears this case is factually and legally straightforward. It also appears that plaintiff will be able to investigate the facts and clearly present his claims. Additionally, the motion is premature, as the defendant has yet to be served with process and discovery has not begun. I will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims premised upon denial of access to the courts are **DISMISSED.** A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue as to the remaining claims in the third amended complaint upon defendant Torrance Akins at the Pemiscot County Sheriff's Office, 800 Ward Ave., Caruthersville, MO 63830.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 24th day of January, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE